IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KATRINA MEESOOK, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-729-XR |
| § | |
| GREY CANYON FAMILY MEDICINE, § | |
| P.A., and BRIAN MACGILLIVRAY, M.D., § | |
| and FRANCESCA DICARLO, § | |
| § | |
| *Defendants*. | |

## ORDER

On this day the Court considered Plaintiff's motion for summary judgment.  Doc. No. 14. For the following reasons, the motion is GRANTED IN PART and DENIED in PART.

## BACKGROUND

This case arises out of Plaintiff Katrina Meesook's former employment relationship with Defendant, Grey Canyon Family Medicine, P.A. ("Grey Canyon").  Plaintiff was employed by Grey Canyon as a Medical Assistant between February 18, 2011 and August 12, 2013.  During that time, Plaintiff alleges that she worked an average of 22.5 hours of overtime per week for which she was not compensated.

On August 14, 2013, Plaintiff filed an original complaint in this Court, alleging a cause of action under the Fair Labor Standards Act ("FLSA") to recover for unpaid overtime.  Doc. No. 1. *See* 29 U.S.C. § 201 *et. seq.*  On May 2, 2014, Plaintiff filed this motion for summary judgment. Doc. No. 14.   Defendants did not respond.

1

**LEGAL STANDARD**

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

Defendants did not file a response to this motion for summary judgment.[1]  Despite Defendants failure to respond, the Court may not automatically grant summary judgment without assuring that no material fact issues exist.  FED. R. CIV. P. 56.  However, when no response is filed to a motion for summary judgment, the Court may take movant's uncontroverted factual assertions as true.  *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (Finding that when no response to a summary judgment motion is filed, the court may accept as undisputed the movant's version of the facts).

---

[1] Pursuant to Local Rules, Defendants response was due 14 days after this motion was filed.  *See* W.D.Tex Local Rule CV-7.

**DISCUSSION**

*1. Defendants' FLSA Liability*

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours. 29 U.S.C. § 207(a). In its Answer, Grey Canyon admits that it employed Plaintiff, and that it is a covered enterprise engaged in commerce. *See* Doc. No. 5. An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that he has performed work for which he alleges he was not compensated. *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 441 (5th Cir. 2005). In her Declaration, the veracity of which Defendants have not called into question, Plaintiff asserts that she worked overtime but did not receive overtime compensation as is required by the FLSA. Doc. No. 14, Ex. B.

In this case, Plaintiff alleges that she was entitled to overtime payment for time spent working on-call while away from the office. Doc. No. 1. "Whether on-call time is compensable working time depends upon the working agreements between the parties governing on-call work and the degree to which the employee is permitted or free to engage in personal activities during periods of idleness when he is subject to call." *DePriest v. River W. LP*, 187 F. App'x. 403, 404-05 (5th Cir. 2006); *see* 29 C.F.R. § 785.17. With respect to the overtime for which she was not physically present at the office, Plaintiff states that she was engaged in the following activities: (1) answering the office phone remotely, (2) calling in prescriptions and other medical

equipment; and (3) visiting patients at the hospital or at their homes. Doc. No. 14, Ex. B at ¶ 3. Plaintiff further alleges that she spent, on average, 30 minutes per night and 2.5 hours per weekend working on these tasks. *Id.* Significantly, Plaintiff states in her Declaration that she is not including "waiting time" in her calculations of the average time she spent working while on-call. Plaintiff's testimony to this effect has gone unchallenged. Thus, no genuine fact issue exists as to whether Plaintiff had periods of idleness while on-call such that she could engage in personal activities, thereby potentially rendering her on-call time not subject to the FLSA's overtime requirements. As a result, the Court finds that Plaintiff is entitled to overtime for the time she spent while on-call.

"Though the FLSA establishes a general rule that employers must pay their employees overtime compensation, executive, administrative, and professional employees are exempt." *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489, 492 (5th Cir. 2003). These exemptions are construed narrowly against the employer, and the employer has the burden of proving that an employee is exempt." *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002) (citations omitted). To qualify for an exemption under the FLSA, the employee's primary duty must be the performance of exempt work. *Gellhaus v. Wal-Mart Stores, Inc.,* 769 F. Supp. 2d 1071, 1078 (E.D. Tex. 2011) (citing 29 C.F.R. § 541.700(a)). As an initial matter, by failing to respond to this motion, Defendant has not carried its burden of establishing an exemption.[2] In addition, after reviewing the record, the Court independently determines that neither the executive, administrative, nor professional exemption applies.

---

[2] In response to Plaintiff's interrogatory regarding whether Defendants considered Plaintiff exempt, Defendants state only that they had not yet had sufficient time to assess whether Plaintiff was exempt. Doc. No. 14, Ex. C. Thus, as of this date, Defendants have not even technically claimed that Plaintiff is exempt from FLSA coverage.

Based upon Plaintiff's position as a Medical Assistant, she does not qualify for the executive exemption because she neither supervised employees nor had any role in hiring or firing employees. Doc. No. 14, Ex. A; *see* 29 C.F.R. § 541.100(a). Next, to establish that the administrative exemption applies, an employer must show, *inter alia*, that the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." *See* 29 C.F.R. § 514.200. Plaintiff's interrogatories and Defendants' response thereto establish that the administrative exemption does not apply. Defendant was, for example, asked to state whether "Plaintiff took any actions or had any responsibilities with respect to matters considered significant by Defendant in the performance of Plaintiff's job duties[?]" Defendants responded that "Plaintiff engaged in no such activities." *Id.* If Plaintiff engaged in no activities considered by Defendants to be significant, then they will by definition be unable to show that her primary duties included any discretion over matters of significance. Finally, the professional exemption does not apply because Plaintiff's job was not one that required "knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." *See* 29 C.F.R. § 514.300. As a result, the Court finds that there are no contested fact issues with respect to Defendants' overall FLSA liability in this case.

The next issue is the individual liability of Grey Canyon's President, Dr. Brian MacGillivray. Under the FLSA, liability extends to any covered "employer" who violates the statute. *See Donovan v. Grim Hotel Co.*, 747 F.3d 966, 971-971 (5th Cir. 1984). This includes individual supervisors and managers of covered entities. *See* 29 U.S.C. § 203(d) ("employer includes any person acting directly or indirectly in the interest of an employer in relation to an

employee") (internal quotations omitted). "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: '1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). Plaintiff's declaration indicates that Dr. MacGillivray hired Plaintiff and controlled her pay and work schedules. Doc. No. 14, Ex. B. Consequently, Dr. MacGillivray demonstrated sufficient control over a covered entity that he is individually considered an "employer" for FLSA purposes, and is therefore liable along with Grey Canyon.

In her motion for summary judgment, Plaintiff does not address whether Defendant DiCarlo, Grey Canyon's Manager, is subject to personal liability. Inasmuch as Plaintiff bears the burden of showing that each individual Defendant counts as an "employer" under the FLSA, the issue of Ms. DiCarlo's liability remains outstanding.

*2. Damages*

The FLSA has a two-year limitations period. *See* 29 U.S.C. § 255(a). The limitations period extends to three years for willful violations. *Id.* Under the FLSA, a violation is "willful" if the employer either "'knew or showed reckless disregard for ... whether its conduct was prohibited by the statute.'" *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). The burden of showing that an FLSA violation was "willful" falls on the plaintiff. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001). Plaintiff's evidence of willfulness includes Defendants' responses to interrogatories and requests for production which tend to show that Defendant took no action to

assess whether Plaintiff was subject to an FLSA exemption.  Doc. No. 14, Ex. D.   Moreover, this evidence suggests that Defendants do not possess any procedure or policy for determining when an employee is covered by the FLSA.  *Id.*   Instead, Defendants' only stated justification for their failure to pay Plaintiff overtime was that she received a salary.  *See* Doc. No. 4.   However, establishing that an employer was negligent with respect to its statutory requirements under the FLSA is generally insufficient to establish willfulness.  *See Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990) (citing *McLaughlin*, 486 U.S. at 135).  In general, to show reckless disregard of the FLSA, a plaintiff must show that the employer had some reason to know that its conduct violated the FLSA beyond mere ignorance of the law.  *Id*; *see also Bingham v. Jefferson County, Tex.*, 1:11-CV-48, 2013 WL 1312563 (E.D. Tex. Mar. 1, 2013) (collecting cases).   For example, a violation may be willful if the employer had previously been put on notice that its practices violated the statute.  *See Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994)   Here, Plaintiff's evidence shows that Defendants did not do enough to ascertain their FLSA requirements; it does not show that Defendants either deliberately or recklessly violated the statute.  Consequently, the Court finds that Plaintiff has not met her burden of establishing a willful violation of the FLSA and is thus, at this time, only entitled to a two-year limitations period.  However, the Court cannot determine at this time that Plaintiff will be unable, as a matter of law, to meet her burden on this point.  Therefore, the issue of willfulness is a material fact question that can be put to the jury at trial.  Inasmuch as willfulness (and thus the governing limitations period) has yet to be determined, it would be premature for this Court to calculate damages or attorney's fees in this case.

## CONCLUSION

In light of the foregoing analysis, the Court concludes that there are no genuine issues of material fact regarding Plaintiff's entitlement to unpaid overtime under the FLSA. However, genuine fact issues exist as to whether Defendants' violation was willful. As a result, Plaintiff's motion for summary judgment is GRANTED with respect to FLSA liability and DENIED with respect to Plaintiff's claim of willfulness. Doc. No. 14. Whether Defendants' violation of the FLSA was willful, the individual liability of Defendant DiCarlo, and the amount of damages will be determined at trial, should the parties not resolve those issues before that time.

SIGNED this 28th day of May, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE