IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KATRINA MEESOOK, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-729-XR |
| § | |
| GREY CANYON FAMILY MEDICINE, § | |
| P.A., and BRIAN MACGILLIVRAY, M.D., § | |
| § | |
| *Defendants*. | |

**ORDER**

On May 28, 2014, the Court granted Plaintiff's motion for summary judgment pertaining to Defendants' overall liability under the Fair Labor Standards Act ("FLSA") for failure to pay Plaintiff overtime pay as is required by the FLSA.  *See* Doc. No. 15.  On August 4, 2014, the issue of whether Defendants willfully violated the FLSA was tried to a jury.   The jury found in favor of Defendants.[1]   Consequently, Plaintiff is entitled to two-years of unpaid overtime.  The parties agree that this amounts to $12,468.15. *See* Docs. Nos. 32 & 33.

The only remaining issue is whether Defendants are entitled to avoid paying liquidated damages.  *See* 29 U.S.C. § 260 (granting district courts the discretion to decline to award liquidated damages when good faith is shown).  As a baseline, liquidated damages of double the unpaid overtime are awarded unless an employer proves that it acted in good faith.   The Fifth Circuit has held that an employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003) (quoting *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir.

---

[1] Defendant Francesca Di Carlo was verbally dismissed at the pre-trial conference in this case.

1

1998); *see also Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990) (discussing heavy burden on employer to show good faith).

As an initial matter, Defendants did not meet their burden solely because the jury found that they did not willfully violate the FLSA. Instead, that finding meant only that Plaintiff did not meet her burden of showing, by a preponderance of evidence, that Defendants were either aware that their conduct violated the FLSA, or that Defendants recklessly disregarded the statute. It does not follow that the jury verdict implies anything about whether Defendants affirmatively carried their burden of establishing good faith. As a result, courts can and do decline to find good faith even when there has been no willful violation. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990) (lack of willfulness did not mean that employer necessarily acted in good faith); *Lipnicki v. Meritage Homes Corp.*, 3:10-CV-605-GC, 2014 WL 923524 (S.D. Tex. Feb. 13, 2014) (finding that it "would not be logically inconsistent to conclude that an employer acted neither willfully nor in good faith"); *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903, 926 (E.D.La. 2009) (collecting cases where employer was neither willful nor acted in good faith); *see also Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present."). Accordingly, the fact that the jury declined to find for Plaintiff on willfulness does not mean that Defendants have met their burden of showing good faith.

Turning to the evidence that was produced at trial, Defendants testified that they consulted with a general human resources consultant whose credentials and knowledge of the

FLSA were never established.[2]  *See Mireles*, 899 F.2d at 1416 (employer who consulted with Texas Employment Commission did not violate statute willfully, but also did not act in good faith).  Perhaps more importantly, Defendants never testified that they had any conversations with this individual regarding Plaintiff's entitlement to overtime under the FLSA.  *See e.g., Bowrin v. Catholic Guardian Society*, 417 F.Supp.2d 449, 472-476 (S.D.N.Y. 2006) (rejecting employer's good faith defense when it failed to provide evidence of specific conversations with counsel regarding FLSA compliance).  The only other evidence that was even tangentially related to good faith was Defendants' testimony that they used a commercial payroll processor.  However, there was no evidence introduced that this company offered any counseling on how to comply with the FLSA.  Against this evidentiary backdrop, it would violate the "strong presumption" in favor of awarding liquidated damages to decline to award them in this case.  *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (internal citations omitted).  Accordingly, the Court finds that Defendants have not carried their "substantial" burden of establishing a good faith violation.  Notably, even if Defendants had met this burden, the Court would still retain discretion to award liquidated damages.  *See* 29 C.F.R. 790.22(b); *Singer*, 324 F.3d at 823; *Lee v. Coahoma Cty.,* 937 F.2d 220, 226 (5th Cir. 1991).  Accordingly, the appropriate measure of damages in this case is double Plaintiff's unpaid overtime. See 29 U.S.C. § 216.  This amounts to an award of $24,936.30.

As the overall prevailing party in this case, Plaintiff is entitled to attorney's fees.  *See, e.g., Saizan v. Delta Concrete Products Co*., Inc., 448 F.3d 795, 799 (5th Cir. 2006) (noting that prevailing parties in FLSA actions are entitled to fees).  Pursuant to the Local Rules, Plaintiff's counsel has 14 days after entry of judgment in this case to file an affidavit certifying the hours

---

[2] In fact, the testimony implied that the HR professional Defendants contacted was merely a personal friend with some HR background.

expended on this case. Plaintiff's attorney's fee affidavit should clearly list the time spent either preparing for trial or in trial, as fees incurred for these activities may not be recoverable in light of the adverse jury verdict on the only issue presented at trial.

SIGNED this 15th day of August, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE