**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KATRINA MEESOOK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No. 5:13-cv-729-XR** |
| | ) | |
| **GREY CANYON FAMILY MEDICINE,** | ) | |
| **P.A., BRIAN K. MACGILLIVARY,** | ) | |
| **M.D., INDIVIDUALLY, AND** | ) | |
| **FRANCESCA DICARLO,** | ) | |
| **INDIVIDUALLY,** | ) | |
| | | |
| **Defendants.** | | |

**ORDER**

On this date, the Court considered the motion for attorneys' fees and costs made by the

Plaintiff Katrina Meesook in this litigation.  Plaintiff asserts that she is the prevailing party and is

therefore entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**I. Factual and Procedural Background**

This case arises out of Plaintiff Katrina Meesook's former employment relationship with

Defendant, Grey Canyon Family Medicine, P.A.  Plaintiff was employed by Grey Canyon as a

Medical Assistant between February 18, 2011 and August 12, 2013.  During that time, Plaintiff

alleges that she worked an average of 22.5 hours of overtime per week for which she was not

compensated.

On August 14, 2013, Plaintiff filed an original complaint, alleging a cause of action under

the Fair Labor Standards Act ("FLSA") to recover for unpaid overtime.  Docket no. 1.  *See* 29 U.S.C.

§ 201 *et. seq.* On May 2, 2014, Plaintiff filed a motion for summary judgment. Docket no. 14. On May 28, 2014, this Court entered summary judgement with regard to Defendant's liability under the FLSA for unpaid wages. Docket no. 15. The Court, however, also found that a genuine issue of material fact existed with regard to the Defendant's willfulness in failing to pay the due wages, and so submitted this question to the jury. The jury returned a verdict in favor of Defendant on the issue of willfulness. Docket no. 34. In the Court's order following the jury verdict, the Court awarded damages of $24,936.30 for the unpaid overtime and instructed Plaintiff to not claim attorney's fees for any costs incurred either in preparation for trial, or in trial itself, as Plaintiff was not the prevailing party with regard to this aspect of the lawsuit.

## II. The standard of eligibility for attorneys' fees

The Fair Labor Standards Act requires the court to grant attorney's fees to the prevailing party, stating "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); *see e.g. Saizan v. Delta Concrete Products Company Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (Court awarded attorney's fees to plaintiff based upon their success at trial).

## III. Amount of attorneys' fees and costs

Having determined that Meesook is a prevailing party as to at least part of the claims in the Original Complaint, the Court must determine the amount of the attorneys' fee that is reasonable to award under the circumstances. Meesook seeks attorneys' fees in the amount of $62,440.00, and costs of $752.08 for a total of $63,192.08.

### A.     Attorneys' Fees

Section 216(b) of the Fair Labor Standards Act provides a district court with the ability to

award reasonable attorneys' fees to the plaintiff.  *See* 29 U.S.C. 216(b).[1]  "The most critical factor in determining an attorney's fee award is the degree of success obtained." *Saizan* 448 F.3d at 799 (5th Cir. 2006) (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003)).  The district court uses the lodestar method in order to determine reasonable attorney's fees under the FLSA.  *See Saizan* 448 F.3d at 799.  The lodestar method has a strong presumption of reasonableness. *Id.* at 800.  The lodestar is calculated by multiplying the number of hours reasonably spent on a case by an appropriate hourly rate in the community for such work.  *Id.* at 799.

Second, the court must determine whether the lodestar should be adjusted upward or downward depending on the circumstances of the case by applying the factors provided in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974).  After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson.  See id.*  Of the *Johnson* factors, the court should give extra weight to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and ability of counsel. *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998).  However, "in a lawsuit initiated under the FLSA 'an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced.'" *Saizan* 448 F.3d at 799 (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999)).  Furthermore, the court considers all of these factors while keeping in mind that it is common for FLSA attorneys' fees awards to significantly exceed the amount the plaintiff recovers in unpaid wages.  *See e.g. Howe v. Hoffman-Curtis Partners LTD., LLP*, 215  F. App'x.

---

[1]Though the attorney's fee provision of the FLSA does not mention "prevailing party," courts typically cite prevailing party fee-shifting jurisprudence in FLSA cases. *Saizan* 448 F.3d at 799 n.7 (citing *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002)).

341, 342 (5th Cir. 2007) (per curiam) (finding that "given the nature of claims under the FLSA, it

is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many

multiples," and upholding the district court's award of $129,805.50 in attorney's fees with damages

of $23,357.30).

### 1)    Lodestar calculation – Reasonable number of hours

Plaintiff seeks attorney's fees totaling  $62,440.00 for 171.4 billed hours, which represents

130.6 hours of Mr. Welmaker's time at $400/hour, and 40.8 hours of Mr. Parsons' time at $250/hour.

To calculate the lodestar amount, the Court must first calculate the number of reasonably

compensable hours spent on the case. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324

(5th Cir. 1995).  This calculation rests on whether the total number of hours claimed is  reasonable

and whether specific hours claimed were reasonably expended. *Alberti v. Klevenhagen*, 896 F.2d

927, 933-34 (5th Cir. 1990).  Excessive or duplicative time must be eliminated. *Watkins v. Fordice*,

7 F.3d 453, 457 (5th Cir. 1993).  The burden to demonstrate the reasonableness of the hours spent

is on the fee applicant. *Kellstrom*, 50 F.3d at 324.  In addition, plaintiffs are required to show that

billing judgment was exercised in arriving at the amount of attorneys' fees claimed. *Walker v. HUD*,

99 F.3d 761, 769 (5th Cir. 1996).  The Plaintiffs have provided documentation representing 220.15

actual hours[2] that were spent working on the case.  This amount has been reduced by the Plaintiff

to171.40 hours – a 22% reduction.

Only time spent pursuing a judicial remedy (whether a judgment on the merits or the

---

[2]There is a slight discrepancy of 0.4 hours between the hours indicated as excluded in
Plaintiff's exhibit - attachment 2 (48.75 hours), and the sum of the hours excluded per attorney as
stated in Plaintiff's motion (48.35 hours).  For purposes of this order the Court used, 48.75, the
number represented in the itemized hours.

equivalent of a court-ordered consent decree) can confer "prevailing party" status. *See Buckhannon Bd. And Care Home, Inc., v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 606 (2001) (explaining that "prevailing party" status "requires a judicial *imprimatur*" on the result obtained). Thus, the Court declines to award attorneys' fees for time spent pursuing the unsuccessful claim. Here the Plaintiff spent extensive time preparing for and attending trial on the question of Defendant's willfulness in not paying Plaintiff's rightful salary under the FLSA. The jury ultimately found for the Defendant on the wilfulness issue, meaning the Plaintiff does not hold prevailing party status with regard to that particular aspect of the overall litigation. In the August 15, 2014 order, the Court instructed the Plaintiff to "clearly list time spent either preparing for trial or in trial, *as fees incurred for these activities may not be recovered* in light of the adverse jury verdict on the only issue presented at trial." (emphasis added). As a result, the Court excluded those hours. Accordingly, the Court reduces the number of hours reasonably related to preparation for or attendance at trial.

a)      **Douglas Welmaker**

The time records submitted for Douglas Welmaker reflect 141.2 hours actually worked. These hours were reduced by the Plaintiff to 130.6 as part of their billing judgment adjustment.

The Court has carefully reviewed these time records and eliminated the time related to discussing, researching, preparing, and actively engaging in trial on the issue of willfulness, in which the Plaintiff was unsuccessful. Plaintiff argues that the "may not be recovered" language included in the August 15, 2014 Order indicated only an intention by this Court to retain discretion over the decision to either award fees or not. This is a misinterpretation of the Court's language. The Court clearly stated any hours related to the jury trial were *not* to be included in the Plaintiff's claimed

hours.

After careful review of Plaintiff's submitted time records, the Court has determined that approximately 35% of Mr. Welmaker's claimed hours are attributable to preparation and planning for trial, or to the trial itself.  Therefore the Court reduces Mr. Welmaker's hours by that proportion to 84.89 hours.

**b)      Michael Parsons**

The time records submitted for Michael Parsons reflect 141.2 hours actually worked**.**  These hours were reduced by the Plaintiff to 40.8 as part of their billing adjustment.

The Court, once again, will exclude any hours expended either in preparation or planning for trial, or at trial itself.  After careful review of the time records submitted for Michael Parsons, the Court concludes that approximately 35% of Mr. Parsons' time was also spent in this manner, and the Court therefore reduces his hours by that proportion to 26.52 hours.

**2.      Lodestar calculation – Reasonable hourly rate**

Having determined the number of reasonably compensable hours, the court must now "select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases."  *Klevenhagen*, 927 F.2d at 930 (quoting *Sims v. Jefferson Downs Racing Ass'n.*, 778 F.2d 1068, 84 (5th Cir. 1985)).  The court is to determine the prevailing market rates based upon the rates in the community in which the district court sits.  *Tollet v. City of Kemah*, 285 F.3d 357, 68 (5th Cir. 2002).  Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.  *See, e.g., Watkins*, 7 F.3d at 458 (party seeking fees submitted "affidavits from other attorneys in the community showing prevailing

market rates in the community").

Plaintiff asserts that $400/hour is a reasonable and customary rate for the type of work done in this case by Douglas Welmaker, and that $250/hour is appropriate for Michael Parsons. In support of this argument, Plaintiff has submitted a declaration by David G. Langenfeld, another attorney who practices labor and employment law within the Western District of Texas. Mr. Langenfeld states that both Mr. Welmaker's rate of $400/hour, and Mr. Parsons' rate of $250/hour are both "customary and reasonable" for cases of this type within the Western District of Texas. Plaintiff also submitted a declaration by Mr. Welmaker himself, claiming that in 2011 his then rate of $325/hour was approved in *Riddle v. Tex-Fin, Inc.*, 2011 WL 1103033 (S.D. Tex. March 22, 2011).

Based on the affidavits and evidence submitted by Plaintiffs attorneys, the Court finds that the requested rates are reasonable. Accordingly, the Court calculates the lodestar at, and awards to Meesook, $40,518.50[3]:

> Welmaker: 84.89 hours x $400 = $33,956
> Parsons: 26.52 hours x $250 = $6,562.50

### 3.    *Johnson* factors

After calculating lodestar, the court may decrease or enhance the amount of attorney fees based on the relative weights of the twelve factors found in *Johnson*. *See Saiza*n, 448 F.3d at 800. The *Johnson* factors include: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee

---

[3]Reduced from the original request of $62,440.00.

is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount

involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10)

the "undesirability" of the case, (11) the nature and length of the professional relationship with the

client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.  To the extent that any factors

are subsumed in the lodestar, they should not be reconsidered when determining whether an

adjustment to the lodestar is required. *Migis*, 135 F.3d at 1047.  Of the *Johnson* factors, "the court

should give special heed to the time and labor involved, the customary fee, the amount of involved

and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at

1047 (quoting *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

Where "a plaintiff has achieved only partial or limited success, the product of hours

reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive

amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised

in good faith." *Saizan,* 448 F.3d at 801 (citing *Migis*, 135 F.3d at 1048).  Considering the relief

sought in the Original Complaint, this Court finds that the ultimate relief obtained was "limited."

While Plaintiff did prevail in their general FLSA claim, they received an unfavorable jury verdict

with regard to the issue of willfulness.  As a result, the Court will compare the result obtained with

the relief sought, as well as the fees sought in relation to the result obtained to determine if the

lodestar should be adjusted downward for "partial success." *See Migis*, 135 F.3d at 1048.

The Summary Judgment Order addressed both Plaintiff's claim for unpaid overtime under

the FLSA and the issue of wilfulness. Docket no. 15.  The Court found no issue of material fact

existed with regard to the issue of unpaid overtime, finding in favor of the Plaintiff on that issue;

however, the Court also found that an issue of material fact existed in regard to the issue of

wilfulness.  On August 14, 2014, this issue was tried before a jury, who subsequently found in favor

of Defendant.  In the August 15, 2014 Order, the Court granted liquidated damages for the Plaintiff.

The Court has already adjusted the hours to exclude time spent on the unsuccessful

wilfulness claim.  In addition, the Court finds that the ratio of the relief sought to the relief rewarded

and the ratio of the lodestar amount to the relief rewarded are not disproportionate.  In this case, the

Plaintiff recovered $24,936.30, or approximately 81% of the amount sought in the Original

Complaint, which the Court finds does not require reduction of the related attorney's fees.  *See*

*Springer v. City of Waco, Tex.*, 324 F.3d 813, 830 (5th Cir. 2003) (court upheld district court's

decision not to reduce lodestar amount due to disparity between amount sought and actual amount

awarded); *see also  Saizan* 448 F.3d at 799 (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d

544, 558 (7th Cir. 1999) ("in a lawsuit initiated under the FLSA 'an attorney's failure to obtain every

dollar sought on behalf of his client does not automatically mean that the modified lodestar amount

should be reduced")); *see also Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th

Cir. 1995) (affirming the district court's award of attorney's fees and observing that the district

court's lodestar analysis is inspected primarily to ensure that "the court sufficiently *considered* the

appropriate criteria") (emphasis in original).  In addition, the attorney fee award here, $40,518.50,

is reasonably proportionate to the damages award on liability, $24,936.30.  *See Howe*, 215 F. App'x.

at 342 (upholding the district court's award of $129,805.50 in attorney's fees with damages of

$23,357.30).

Considering the other *Johnson* factors, many of which were subsumed within the lodestar

analysis (*e.g.*, time and labor required, skill required, attorneys' customary fee, time constraints of

the case, and the experience, reputation, and ability of the attorneys), these additional factors will

not be used to adjust the lodestar amount.  With regard to the novelty and complexity of the issues, the Court finds this to have been a relatively straightforward case in an area with which the attorneys are familiar, and therefore this factor does not require an adjustment.  As to whether the attorney had to refuse other work to litigate this case, the attorneys may have invested considerable time on this case during its duration, but there is no evidence that this work required them to refuse other work or otherwise cost them valuable opportunities.  Therefore, the Court finds no basis for adjusting the lodestar amount.

### B.  Costs

Plaintiff seeks an award of $752.80 in costs, which includes $400 for Fees of the Clerk, $334.08 for fees for service of summons and subpoenas, and $18.00 for Secretary of State research. Title 28 U.S.C. § 1920 provides for an award of costs to include the fees of the clerk and/or docket fees, and thus the Court will award the $400.  This Court only permits taxing of costs for service of process so much as they do not exceed cost of service by the Marshall.  *Denver v. Tex. Dept. of Criminal Justice*, No. SA-05-CA-185-XR, 2007 WL 294191, at *6 (W.D. Tex. Jan. 29, 2007).  The current cost of service is $55.00 so the Court will only permit the taxing of cost of service at $55.00. The Supreme Court has ruled that expenses not enumerated in section 1920, such as Secretary of State research, can be awarded only upon explicit statutory authorization found elsewhere.  *Mota v. The Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)).  The Court finds that 42 U.S.C. § 1973l(e) contains the necessary authorization, as it states that the court may award "a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." The Court finds the Secretary of State research fees to be reasonable litigation expenses, and

therefore awards the additional $18.00, for a total award of costs of $473.00.

## IV. Conclusion

The Plaintiff's Motion for Attorney's Fees and Costs (docket no. 36) is GRANTED as stated

above.  Plaintiff is awarded a reasonable attorneys' fee in the amount of $40,518.50 and costs in the

amount of $473.00, for a total of $40,991.50.

It is so ORDERED.

SIGNED this 8th day of October, 2014.


_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE